USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-18-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MUR SHIPPING BV, AMSTERDAM,          :
                                     :   08 Civ. 5642
                                     :
              Plaintiff,             :   **ORDER**
                                     :
    - against -                      :
                                     :
CHORUS SHIPPING CO., LTD.,           :
                                     :
              Defendant.             :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Following the issuance of the ruling by the Court of Appeals for the Second Circuit in Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., __ F.3d __, No. 08-3477, 2009 WL 3319675 (2d Cir. Oct. 16, 2009), defendant Chorus Shipping Co. ("Chorus") wrote to the Court on November 6, 2009 seeking an Order to Show Cause why the attachment the Court authorized in this case, originally by Order dated June 26, 2008 and subsequently renewed, should not be vacated and the funds restrained pursuant to that Order be released. By memo-endorsed Order dated November 9, 2009, the Court directed plaintiff, Mur Shipping BV, Amsterdam ("Mur"), to respond to Chorus' request. Mur responded by letter dated November 12, 2009. It argued that Mur had obtained an attachable interest in the electronic funds transfer ("EFT") at issue, upon which it relied in good faith in prosecuting related proceedings in the parties' underlying dispute, and that nothing in Jaldhi indicates that the Second Circuit decision has retroactive effect.

By letter dated November 16, 2009, Chorus challenges Mur's arguments and points out that in another case in this District, Nanyaun Shipping Co., Ltd. v. Chorus Shipping Co., No. 08 Civ. 5551, in which all or portions of the funds at issue in the case were

restrained, Judge Richard Berman ordered that the attachment be vacated and the funds released from the Registry of the Court. More recently, the Second Circuit issued a decision in Hawknet, Ltd. v. Overseas Shipping Agencies, et al., No. 09-2128-cv (2d Cir. Nov. 13, 2009), in which it held that Jaldhi applies retroactively, and that a party's failure to assert a challenge to personal jurisdiction in the District Court in light of controlling Circuit law prior to Jaldhi does not constitute a waiver of an objection on jurisdictional grounds. The Court views Hawknet as applicable to the circumstances of this case insofar as the restrained assets derived from property that on the date the attachment Order was executed constituted an EFT. Other courts in this District have considered the issues raised by the parties in this matter and reached similar conclusions. See, e.g., Hansa Sonderburg Shipping Corp. v. Hull & Hatch Logistics LLC, No. 09 Civ. 7164, (S.D.N.Y. Nov. 16, 2009). Jaldhi and Hawknet thus compel a finding that personal jurisdiction over Chorus did not exist on the date of the attachment, and that the restrained funds must be released to Chorus. Accordingly, it is hereby

**ORDERED** that the Clerk of Court is directed to release the funds held in the Registry of the Court as security in this action.

**SO ORDERED.**

Dated:   New York, New York
         18 November 2009

_____
VICTOR MARRERO
U.S.D.J.

-2-